UNITED STATES of America, Plaintiff—Appellee,

v.

Glenn Herman SULLIVAN, Defendant—Appellant.

No. 03–10362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided March 11, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Stanley A. Boone, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Suzanne A. Luban, Esq., Law Offices of Suzanne A. Luban, Oakland, CA, for Defendant–Appellant.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Glenn Herman Sullivan appeals his conviction and sentence for interstate transportation of property stolen, converted, or taken by fraud, and money laundering, in violation of 18 U.S.C. §§ 2314 and 1956(a)(1)(B)(i) (2000).

First, Sullivan argues that insufficient evidence existed to convict him of fraud and money laundering because the government did not prove that he stole, converted, or took Costamagna's money by fraud. We conclude that the evidence is sufficient to demonstrate that Sullivan intended to defraud Costamagna, *United States v. Peters,* 962 F.2d 1410, 1414 (9th Cir.1992), based on the circumstances surrounding

the payments requested for the QAP transaction, Sullivan's financial situation at the time, the timing of his home purchase payments, and Sullivan's commingling of personal and business finances.

Second, we determine that the prosecutor did not commit "flagrant misconduct," *United States v. Al Mudarris,* 695 F.2d 1182, 1185 (9th Cir.1983), by not presenting exculpatory evidence, *United States v. Williams,* 504 U.S. 36, 55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), relying on hearsay testimony, *Al Mudarris,* 695 F.2d at 1185, or using leading questions before the grand jury, Fed.R.Evid. 1101(d)(2).

Third, Sullivan asserts that the district court erred in calculating restitution. We determine that the district court did not err in crediting only $25,680.16 of Sullivan's $100,000 payment in July 2000 toward reducing the total amount of restitution owed. 18 U.S.C. § 3664(f)(1)(A). However, the district court erred in calculating the amount of restitution owed based on the value of the Carmel property on the date it was sold, rather than at the time it was transferred. 18 U.S.C. § 3663A(b)(1); *United States v. Lomow,* 266 F.3d 1013, 1021 (9th Cir.2001). Reviewing this issue for plain error, we cannot determine if it affects substantial rights, *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), since Sullivan never offered a figure for the proper valuation at the time of transfer. Thus, we remand to the district court to determine the value of the house at the time of transfer, and then deduct the balance of the mortgage, any other liens incurred by Sullivan and any real estate fees paid to sell the house to compute the amount Costamagna actually received as a result of the transfer of the

---

Carmel property. The district court should credit Sullivan with any payments such as mortgage, insurance, and property taxes that he paid after the transfer date, but were not offset by the amount he received when Costamagna sold the house.

Finally, we note that the district court used the 1997 version of the Sentencing Guidelines rather than the 2002 version, which allegedly required Sullivan to serve a longer sentence. We vacate the sentence and remand for reconsideration of the proper version of the Sentencing Guidelines in light of *United States v. Benitez–Perez*, 367 F.3d 1200, 1205 (9th Cir. 2004), and for resentencing in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**CONVICTION AFFIRMED AND REMANDED.**